UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Sandstrom,<br><br>             Plaintiff,<br><br>v.<br><br>Charter Communications, Inc.,<br><br>             Defendant. | Case No. 24-CV-3118 (ECT/DJF)<br><br><br><br>**ORDER** |

The matter is before the Court on Defendant Charter Communications, Inc.'s ("Charter") Motion to File Documents Under Seal ("Motion") (ECF No. 42), which seeks to seal documents filed in connection with Charter's Motion to Dismiss (ECF No. 30).[1] Charter inadvertently filed unsealed and unredacted versions of ECF Nos. 32, 33, 34, and 40. (*See* ECF No. 42 at 2.) It now asks the Court to retroactively seal them and direct the Clerk of Court to replace ECF Nos. 32 and 40 with redacted versions (ECF Nos. 43-1, 43-2) on the ground that these documents reveal confidential and proprietary information. (*See* ECF No. 42 at 2-3.) Charter alleges that that the "continued public availability of this confidential and proprietary information would be harmful to Charter and its subsidiaries and affiliates." (*Id.*) Plaintiff Mark Sandstrom did not file an objection to the Motion. For the reasons given below, the Court grants the motion.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6,

---

[1] Plaintiff voluntarily dismissed the matter on October 30, 2024 (ECF No. 41), which rendered Charter's Motion to Dismiss moot.

2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Since Mr. Sandstrom voluntarily dismissed the case before the district judge ruled on Charter's Motion to Dismiss (*see* ECF No. 41), none of the documents in question played a material role in the exercise of Article III judicial power. Therefore, Charter only needs to proffer a

"countervailing reason" that overcomes a prediction of public access. Having reviewed the documents, the Court finds that Charter's assertion that public access to this information would be harmful to its business interests is a countervailing reason that overcomes the prediction of public access. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, No. 21-CV-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive"). The Court therefore grants Charter's Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant Charter Communications, Inc.'s Motion to File Documents Under Seal (ECF No. 42) is **GRANTED** as follows:

1. The Clerk of Court is directed to **SEAL**: ECF Nos. 32, 33, 34, and 40.

2. Defendant Charter Communications, Inc. must separately refile ECF Nos. 43-1 and 43-2 as its redacted versions of ECF Nos. 32 and 40, respectively, by **January 24, 2025**, failing which the Court will order the Clerk of the Court to unseal ECF Nos. 32 and 40.

**IT IS SO ORDERED.**

Dated: January 3, 2025                          *s/ Dulce J. Foster*
                                                DULCE J. FOSTER
                                                United States Magistrate Judge